THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Richard Malagiere
Leonard E. Seaman
Attorneys for Plaintiff, Charles P. Field

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHARLES P. FIELD | Civil Action No. |
|---|---|
| Plaintiff, | **COMPLAINT and JURY DEMAND** |
| v. | |
| BEAVER VALLEY HOSPITALITY ASSOCIATES I, L.P.; BEAVER VALLEY HOSPITALITY ASSOCIATES II, MILLCRAFT HOSPITALITY MANAGEMENT, INC., MILLCRAFT HOSPITALITY, L.P. (doing business as "PIATT HOTEL GROUP"), collectively doing business as the "HILTON GARDEN INN BEAVER VALLEY," John Doe(s) (1 through 10), ABC Corp(s) (1 through 10), XYZ Partnership(s) (1through 10) | |
| Defendants. | |

Plaintiff, Charles P. Field, as and for his complaint against defendants, Beaver Valley Hospitality Associates I, L.P.; Beaver Valley Hospitality Associates II, Millcraft Hospitality Management, Inc., and Millcraft Hospitality, L.P. (doing

business as "Piatt Hotel Group"), collectively doing business as the "Hilton Garden Inn Beaver Valley," and John Doe(s) (1 through 10), ABC Corp(s) (1 through 10), XYZ Partnership(s) (1through 10) alleges as follows:

## PARTIES

1. Plaintiff, Charles J. Fields, is an individual residing at 2670 Meadow Lake Drive, Toms River, NJ 08755-2533.

2. Defendant, Beaver Valley Hospitality Associates I, L.P., is a Pennsylvania Limited Partnership having its principal place of business at 380 Southpointe Blvd Suite 400, Canonsburg, PA 15317.

3. Defendant, Beaver Valley Hospitality Associates II, L.P., is a Pennsylvania Limited Partnership having its principal place of business at 380 Southpointe Blvd Suite 400, Canonsburg, PA 15317.

4. Millcraft Hospitality Management, Inc. is a Pennsylvania corporation having its principal place of business at 380 Southpointe Blvd Suite 400, Canonsburg, PA 15317.

5. Millcraft Hospitality, L.P. (doing business as "Piatt Hotel Group") is a Pennsylvania Limited Partnership having its principal place of business at 380 Southpointe Blvd Suite 400, Canonsburg, PA 15317.

6. Defendants, John Doe(s) (1 through 10), ABC Corp(s) (1 through 10), XYZ Partnership(s) (1 through 10) are persons, corporations, partnerships, and/or

other legal entities presently unknown nor reasonably discoverable through the exercise of ordinary diligence that own, operate, manage, maintain, design, construct, install, repair, clean, or inspect the Hotel and/or its internal and mechanical systems and functions, or are otherwise responsible for ensuring the safety of the Hotel's guests and business invitees including owners, operators, managers, and operators, maintenance entities and personnel, repair entities and personnel, contractors, construction-related persons and entities, plumbers, carpenters, those charged with policing and monitoring the subject property and others.

## JURISDICTION, AND VENUE

7. Beaver Valley Hospitality Associates I, L.P.; Beaver Valley Hospitality Associates II, Millcraft Hospitality Management, Inc., and Millcraft Hospitality, L.P. ("Hotel Defendants") share common officers, directors, and real, equitable, and/or beneficial owners.

8. The Hotel Defendants own, operate, manage, maintain, and do business as the hotel commonly known as the "Hilton Garden Inn Pittsburgh Area Beaver Valley" located 2000 Wagner Rd Extension South, Monaca, Pennsylvania, 15061 (the "Hotel").

9. The Hotel Defendants maintain and operate the webpages: https://piatt.com/ hilton-garden-inn-beaver-valley/ (the "Piatt Hotel Group

webpage") and https://www.hilton.com/en/hotels/pitgvgi-hilton-garden-inn-pittsburgh-area-beaver -valley/ (the "Hotel webpage"). The Piatt Hotel Group webpage includes a hypertext link to the Hotel webpage captioned "Visit the Hilton Garden Inn Beaver Valley Website."

10. Residents of New Jersey who wish to do business with defendants may actively do so over the Internet through the Piatt Hotel Group webpage and the Hotel webpage. The Hotel Defendants enter into contracts with residents of the State of New Jersey—including booking and prepaying for hotel stays—that involve knowing and repeated transmission of computer files over the Internet.

11. Residents of New Jersey can also exchange information with the Hotel Defendants' host computers. Those interactions result in a high level of interactivity and commercial nature of the exchange of information.

12. The Hotel Defendants have purposefully directed their activities at the State of New Jersey and its residents; this litigation arises out of or relates to at least one of those activities; and, the exercise of jurisdiction over defendants otherwise comports with fair play and substantial justice.

13. This Court has jurisdiction over this matter pursuant to 28 *U.S.C.* § 1332 as the matter in controversy exceeds $75,000 and it is between citizens of different states.

14. Venue is appropriate pursuant to 28 *U.S.C.* § 1391(b)(2) and (3) as a substantial part of the events or omissions giving rise to the claim occurred in this District and defendants are subject to this Court's personal jurisdiction with respect to the action.

### FIRST COUNT
(Negligence)

15. On or about October 4, 2024, plaintiff was a registered guest at the Hotel and its business invitee.

16. The shower in the guest room rented to plaintiff was unreasonably dangerous inasmuch as it was improperly designed, improperly installed, and/or defectively or inadequately maintained.

17. As such the shower posed an unreasonable danger to its users that could not be discovered by such user through the exercise of ordinary care.

18. Defendants knew, or through the exercise of reasonable diligence of an innkeeper, should have known about the unreasonable danger posed by the shower.

19. Defendants owed plaintiff a duty to correct the unreasonable danger posed by the shower and/or to warn plaintiff about that unreasonably dangerous condition.

20. Defendants should have corrected or warned plaintiff about the unreasonable danger posed by the shower.

21. Defendants were negligent in their ownership, maintenance, operation, and repair of the shower where plaintiff's accident occurred.

22. As a direct and proximate result of the negligence of defendants in the manner in which the said premises were constructed, maintained, repaired, operated, and/or policed, plaintiff, Charles P. Field, was caused to slip and fall and suffered serious injuries; he was caused to suffer great pain and will be caused to suffer great pain in the future; he was caused to incur medical expenses and will be caused to incur medical expenses in the future; has suffered and will continue to suffer loss of wages and other economic and non-economic expenses: and he was caused to suffer permanent injury and disability.

WHEREFORE, plaintiff, Charles P. Field, demands judgment against defendants Beaver Valley Hospitality Associates I, L.P.; Beaver Valley Hospitality Associates II, Millcraft Hospitality Management, Inc., Millcraft Hospitality, L.P. (doing business as "Piatt Hotel Group"), collectively doing business as the "Hilton Garden Inn Beaver Valley," and John Doe(s) (1 through 10), ABC Corp(s) (1 through 10), XYZ Partnership(s) (1through 10), jointly and severally, for compensatory damages, pre- and post-judgment interests, attorney's fees, and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                               /s/ Leonard E. Seaman
                               RICHARD MALAGIERE
                               LEONARD E. SEAMAN
                               THE LAW OFFICES OF RICHARD MALAGIERE
                               A Professional Corporation
                               250 Moonachie Road, Suite 300A
                               Moonachie, New Jersey 07074
                               Tel. (201) 440-0675
                               rm@malagierelaw.com
                               les@malagierelaw.com

DATED: June 13, 2025