**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTATE OF CHARLES FIELD,<br><br>Plaintiff(s),<br><br>vs.<br><br>BEAVER VALLEY HOSPITALITY ASSOCIATES I, L.P.; BEAVER VALLEY HOSPITALITY ASSOCIATES, II; MILLCRAFT HOSPITALITY MANAGEMENT, INC.,MILLCRAFT HOSPITALITY, L.P. (doing business as "PIATT HOTEL GROUP"), collectively doing business as "HILTON GARDEN INN BEAVER VALLEY," John Does(s) (1 through 10), ABC Corp(s) (1 through 10), XYZ Partnership(s) (1 through 10),<br><br>Defendant(s) | Civil Action No. 3:25-cv-11278<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT SEPARATE DEFENSES, CROSS-CLAIM FOR CONTRIBUTION, CROSS-CLAIM FOR INDEMNIFICATION, ANSWER TO CROSS-CLAIMS/COUNTERCLAIMS, NOTICE OF ALLOCATION, DEMAND FOR JURY TRIAL AND DESIGNATION OF TRIAL COUNSEL** |

Defendants Beaver Valley Hospitality Associates I, L.P.; Beaver Valley Hospitality Associates, II; Millcraft Hospitality Management, Inc., Millcraft Hospitality, L.P. (hereinafter referred to "Beaver Valley/Millcraft") submit the following answer to Plaintiff's First Amended Complaint:

## PARTIES

1. Defendants Beaver Valley/Millcraft have insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Defendants Beaver Valley/Millcraft have insufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

**FIRST COUNT**
(Negligence)

15. Defendants Beaver Valley/Millcraft have insufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted as to the Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint must be dismissed due to insufficient service of process.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint is barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, or, at the very least, the damages to which Plaintiff may be entitled are reduced by virtue of the doctrine of comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

The incident complained of was caused by third-parties over whom the Defendants had no control.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants are guilty of no negligence, no actual fault and no failure to act.

## EIGHTH AFFIRMATIVE DEFENSE

The amount of damages Plaintiff is entitled to recover, if any, must be reduced due to Plaintiff's failure to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

Disclaimers, warnings or other agreements bar or limit Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

There is no legal duty or obligation of any kind whether arising from common law, statute, contract, tort or otherwise owed by to Plaintiff at the time of the incident of which Plaintiff complains. In the alternative, if any duty was owing, there was no breach of that duty by the Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The alleged incident, damages and injuries referred to in Plaintiff's First Amended Complaint, if any, were caused by or arose out of a risk of which Plaintiff had full knowledge and which Plaintiff assumed.

**TWELFTH AFFIRMATIVE DEFENSE**

The Defendants had no notice or knowledge, nor should they have had notice or knowledge, of the allegedly dangerous or unsafe conditions alleged in Plaintiff's First Amended Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The venue is improper.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to change venue for forum *non conveniens* reasons or otherwise.

**CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION**

**FIRST COUNT**

Defendants deny that they are in any way liable to the plaintiffs under the claims for relief asserted in the complaint. However, if defendants are held responsible for damages allegedly suffered by plaintiffs it is entitled to contribution from all co-defendants currently named or named throughout the litigation of this matter who are not represented by this law firm.

Wherefore, Defendants demands judgment against all defendants who are not represented by

this law firm pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq. and/or the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-1 et seq., N.J.S.A. 2A:155.3 and/or N.J.S.A. 2A:15-5.1 et seq. and common law.

**SECOND COUNT**

Defendants deny that they are in any way liable to the plaintiffs under the claims for relief asserted in the complaint. However, if defendants are held responsible for damages allegedly suffered by plaintiffs, such liability is merely secondary, imputed or vicarious and as a result, any damages (including attorneys' fees and defense costs) for which defendants may be liable are chargeable to the named and all future named co-defendants in this litigation who are not represented by this law firm under common law and/or contractual indemnification.

Wherefore, Defendants demand judgment against all named and unnamed defendants determined during the litigation of this matter who are not represented by this law firm for all sums for which defendants may be held liable to the plaintiffs.

**ANSWER TO CROSSCLAIM/COUNTERCLAIM**

Defendants hereby deny all allegations contained in any and all cross-claims/ counterclaims for indemnification and/or contribution filed against them by any and all co-Defendants.

**NOTICE OF ALLOCATION**

Pursuant to Young v. Latta, 120 N.J. 584 (1991), Defendants hereby advise that they will seek an allocation of fault as to all other responsible persons and entities, whether or not named in this lawsuit, and that if any co-Defendants settle the within matter with Plaintiff at any time prior to the conclusion of trial, the liability of any settling co-Defendant shall remain an issue and Defendants shall seek an allocation and/or percentage of negligence by the finder of fact against any such settling co-Defendant, and/or a credit in favor of Defendants consistent with such

allocation.

**DEMAND FOR TRIAL BY JURY**

Defendants hereby demand a trial by jury as to all issues pursuant to F.R.C.P. 38.

**DESIGNATION OF TRIAL COUNSEL**

Please take notice that Michael J. Leegan, Esq. is hereby designated as trial counsel for Defendants in the within captioned matter.

By: ______________________________

**GOLDBERG SEGALLA LLP**
Mailing address: PO Box 580, Buffalo, NY 14201
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6587
609-986-1300
Fax: 609-986-1301
Attorneys for Defendant(s) Beaver Valley
Beaver Valley Hospitality Associates I, L.P.;
Beaver Valley Hospitality Associates, II;
Millcraft Hospitality Management, Inc.,
Millcraft Hospitality, L.P.

Dated: August 27, 2026